FILED
2014 Sep-23  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHUNTE LASHUNE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 2:13-cv-01210-JHE |
| | ) |
| CAROLYN W. COLVIN, ACTING | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION,[1] | ) |
| | ) |
| Defendant. | |

## MEMORANDUM OPINION[2]

Plaintiff Shunte Lashune Jones ("Jones") seeks review, pursuant to 42 U.S.C. § 405(g), §

205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security

Administration ("Commissioner"), denying her application for a period of disability, disability

insurance benefits ("DIB"), and Supplemental Security Income ("SSI").  Jones timely pursued

and exhausted her administrative remedies. The case is therefore ripe for review under 42 U.S.C.

§§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons

stated below, the Commissioner's decision is **AFFIRMED**.

---

[1] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013.  See
http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013,
Carolyn W. Colvin became the Acting Commissioner of Social Security.").  Under 42 U.S.C. §
405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding
any change in the person occupying the office of Commissioner of Social Security or any
vacancy in such office."  Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the
Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin in the case caption
above.

[2] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil
Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge
conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 13).

## I. Factual and Procedural History

Jones was a thirty-nine year old female at the time of the Administrative Law Judge's ("ALJ") decision. (Tr. 24, 36). Jones has a ninth grade education and previously worked as a teller at a racetrack, cashier, general office clerk, and front counter clerk. (Tr. 47, 126).

Jones filed her application for a period of disability, DIB, and SSI on July 21, 2010, alleging an initial onset date of May 9, 2009.  (Tr. 110, 117).  The Commissioner denied Jones' application, (tr. 78-79), and Jones requested a hearing before an ALJ. (Tr. 95-96). After a hearing, the ALJ denied Jones claim on April 20, 2012. (Tr. 35). Jones sought review by the Appeals Council, but it declined her request on April 24, 2013. (Tr. 1-6). On that date, the ALJ's decision became the final decision of the Commissioner. On June 28, 2013, Jones initiated this action.  (*See* doc. 1).

## II. Standard of Review[3]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a

---

[3]In general, the legal standards applied are the same whether a claimant seeks DIB or SSI.  However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;

---

[4]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

      (2)     whether the claimant has a severe impairment;

      (3)     whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

      (4)     whether the claimant can perform his or her past work; and

      (5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Jones met the insured status requirements of the Social Security Act through December 31, 2014, and that Jones had not engaged in substantial gainful activity since May 5, 2009, the alleged onset date of her disability. (Tr. 24). At Step Two, the ALJ found Jones has the following severe impairments: diabetes, obesity, pain disorder, depression, disorders of the back, and degenerative joint disease of the right hip. (*Id.*). At Step Three, the ALJ found Jones does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25).

Before proceeding to Step Four, the ALJ determined Jones' residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Jones has the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following limitations:

> except that she experiences moderate pain with a moderate effect on her ability to concentrate on an occasional basis during an 8-hour workday. She experiences moderate depression with a moderate effect on her ability to concentrate on an occasional basis during an 8-hour workday. She is precluded from the climbing of ladders or ropes, but can frequently balance and stoop, can occasionally kneel, crouch, and crawl, and can frequently reach, handle, finger, and feel. The claimant would be able to remember and carry out simple instructions during the workday, and would not be off task at all during the workday as long as she had regularly scheduled breaks.

(Tr. 26).

At Step Four, the ALJ determined Jones is unable to perform any past relevant work. (Tr. 34). At Step Five, the ALJ determined, based on Jones age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Jones could perform. (Tr. 34). Therefore, the ALJ determined Jones has not been under a disability and denied Jones' claim. (Tr. 35).

## V. Analysis

### A.   Introduction

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for

that of the [Commissioner]." *Id.* (citation omitted).

Here, substantial evidence supports the ALJ's determination Jones failed to demonstrate a disability.  Jones' only contention is the ALJ erred because he failed to afford proper weight to the medical opinion on Dr. Anthony Cibulski, Jones' treating physician, and did not consider various factors in evaluating Dr. Cibulski's opinion.  The record indicates otherwise. The ALJ fully considered Dr. Cibulski's opinion and properly gave it less weight, thoroughly explaining his reasons for doing so.

**B.    The ALJ Did Not Err by Only According "Little Weight" to Dr. Cibulski's February 11, 2011 Assessment**

The ALJ properly evaluated the relevant evidence and fully considered Dr. Cibulski's opinion, properly according it little weight.  The weight accorded a doctor's opinion depends on the doctor's examining and treating relationship with the claimant, how consistent the opinion is with the record as a whole, the doctor's specialty, and other factors.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).  Generally, a treating doctor's opinion is entitled to more weight, and an ALJ must give good reasons for discounting a treating doctor's opinion.  *See* 20 C.F.R. §§ 404.1527(c)(2), 404.927(c)(2); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  An ALJ may discount a doctor's opinion, including a treating doctor's opinion, when the doctor fails to provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004).  Moreover, opinions on some issues, such as the claimant's RFC and whether the claimant is "disabled" or "unable to work," "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."  20 C.F.R. §§ 404.1527(d), 416.927(d); Social Security

Ruling ("SSR") 95-5p, 1996 WL 374193 (1996).

In February 2011, Dr. Cibulski opined Jones could only lift five pounds, sit for an hour, stand/walk for an hour, had several postural and manipulative limitations, and would miss four days a work a month.  (Tr. 346-47).  Dr. Cibulski also made several findings in a clinical assessment of pain.  (Tr. 347).  As the ALJ noted in his written opinion, Dr. Cibulski offered these opinions during a period of time Jones was suffering from a severe vaginal abscess that required surgery and physical therapy.  (Tr. 33, 353, 357, 360, 362).  However, as the ALJ noted, following Jones' surgery, her condition greatly improved.  (Tr. 33).  The next month, Jones reported she was "overall doing well" and was a "little sore from doing housework."  (Tr. 350).  By May 2011, Jones was cleared to work half days for two weeks and then fulltime after that.  (Tr. 349).  The ALJ properly found Dr. Cibulski's opinion was consistent with Jones' temporary/acute condition at the time the opinion was made, but inconsistent with Jones' overall condition throughout the relevant period.  (Tr. 33).

Jones argues the ALJ improperly concluded Dr. Cibulski's opinion was based on Jones' abscess.  (Doc. 15 at 8-9).  However, Dr. Cibulski did not state the basis of his opinion, and the ALJ's finding the opinion was based on Jones' abscess is reasonable and supported by substantial evidence.  (Tr. 346-47).  The timing of Dr. Cibulski's opinion and Jones' treatment history provides substantial evidence supporting the ALJ's finding.

The ALJ further noted Dr. Cibulski's opinion was inconsistent with Jones' mild treatment history (outside of the period she suffered from the abscess).  (Tr. 33).  The ALJ noted, outside the acute infection, neither Dr. Cibulski nor Jones' other treating physicians noted any acute or chronic limitations consistent with Dr. Cibulski's February 2011 opinion. (Tr. 33).  Rather, Jones had no significant musculoskeletal abnormalities and normal diagnostic imaging.  (Tr. 33).

Accordingly, the evidence demonstrates the ALJ properly evaluated the relevant evidence and fully considered Dr. Cibulski's opinion, properly according it little weight.

### C.      The ALJ Did Not Err by Failing to Breakdown his Analysis into a Six-Factor Analysis

Jones also argues the ALJ erred because he did not breakdown his analysis into a six-factor analysis to decide what weight to assign Dr. Cibulski's opinion.   (Doc. 15 at 10). However, there is no legal standard requiring the ALJ to formulaically discuss medical opinions. *See Lawton v. Astrue*, 341 Fed. Appx. 830, 833 (11th Cir. 2011); *see also McKeithen v. Astrue*, No. 1:09-cv-2389, 2011 WL 1118490, *12 (N.D. Ga. Mar. 25, 2011) ("[T]o the extent that Plaintiff argues that it was error for the ALJ to fail to cite § [404.1527(c)] or explicitly mention the factors from this regulation in the decision, the Court disagrees because it is unaware of any such requirement as the regulations, SSR, and case law do not impose such a requirement.). Although the Commissioner's regulations and case law require the ALJ to evaluate and thoroughly discuss what weight he gives medical opinions from treating sources, there is no requirement an ALJ conduct this analysis under a six-factor formula.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(C), SSR 96-2p; *Crawford*, 363 F.3d at 1159.  While the regulation lists factors to consider when weighing medical opinions, to require the ALJ to formulaically breakdown his evaluation of all doctors' opinions would create an unnecessary articulation burden that would serve no practical purpose, would not change the ALJ's decision, and would waste administrative resources.[5]  *See e.g., Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)

---

[5] Even if there were such a requirement, the ALJ's analysis would largely satisfy it.  The ALJ evaluated the first two factors, "examining relationship" and "treating relationship" when he determined Dr. Cibulski was a treating physician.  (Tr. 30-31, 33).  20 C.F.R. §§ 404.1527(c)(1-2), 416.927(c)(1-2).  The ALJ evaluated the second and third factor when he determined Dr. Cibulski's opinion was entitled to little weight because it was inconsistent with other evidence and not well supported.  (Tr. 33). 20 C.F.R. §§ 404.1527(c)(3-4), 416.(c)(3-4). The only factors

("No principle of administrative law or common sense requires us to remand a case in quest for a perfect opinion unless there is reason to believe that remand might lead to a different result."). The ALJ did not err by not expressly breaking down his analysis into a six-factor analysis to decide what weight to assign Dr. Cibulski's opinion.

### D.  The ALJ's Decision is Supported by Substantial Evidence

Substantial evidence supports the ALJ's findings.  The ALJ determined Jones had a RFC to perform a reduced range of sedentary work.  (Tr. 26-34).  The ALJ fully evaluated the record and substantial evidence supports this assessment.  The assessment of a claimant's RFC is based on an evaluation of all the relevant evidence, including medical evidence and the claimant's own statements concerning her abilities and limitations.  20 C.F.R. §§ 404.1545(a), (3), 416.945(a), (3); SSR 96-8p.  The ALJ found Jones' medical exams and treatment records from Dr. Downs, Dr. Welker, and Dr. Jones; consultative exams from Dr. Meleth and Dr. Lowrey, and Jones' daily activities support her RFC.  (Tr. 26.34).  *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

Additionally, the ALJ properly presented the vocational expert a hypothetical question that incorporated Jones' RFC.  (Tr. 48-50).  Given those limitations, the vocational expert stated Jones could perform other work.  (Tr. 50).  The ALJ properly relied on the vocational expert's testimony.  *See Wilson*, 284 F.3d at 1227.  Accordingly, substantial evidence supports the ALJ's conclusion Jones could perform other work and was not disabled within the meaning of the

---

the ALJ did not expressly discuss were the "other factors," which requires the ALJ to discuss other issues the claimant raises and "specialization."  (Tr. 33) 20 C.F.R. §§ 404.1527(5-6),416.927(c)(5-6).  However, Jones does not point to any "other factors" the ALJ should have discussed and a discussion of "specialization" would have only served to undermine Dr. Cibulaski's opinion because he is a general practitioner, not a specialist, and thus his opinion was entitled to less weight.  20 C.F.R. §§ 404.1527(c)(5-6), 416.927(c)(5-6).

Social Security Act.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability, disability insurance benefits, and supplemental security income be **AFFIRMED** and this action is due to be **DISMISSED WITH PREJUDICE.**

A separate order will be entered.

DONE this 23rd day of September 2014.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE